```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :        86 Cr. 1123 (JSR)
             -v-                    :
                                    :        MEMORANDUM ORDER
ROSA MATOS,                         :
                                    :
             Defendant.             :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-18-08

JED S. RAKOFF, U.S.D.J.

On January 8, 1987, defendant Rosa Matos pleaded guilty before the late Whitman Knapp, U.S.D.J. to one count of defrauding the Government in violation of 18 U.S.C. § 371. On June 6, 1987, Judge Knapp sentenced Ms. Matos to five years' probation. Over the next two years, according to the Probation Office, the defendant tested positive for cocaine at least three times and, on other occasions, failed to appear for scheduled appointments with her probation officer. Accordingly, she was charged with various violations of the terms of her probation. On the basis of these charges, Judge Knapp issued a warrant for her arrest on December 19, 1989.

However, for reasons that remain mysterious, the Probation Office did not forward the arrest warrant to the United States Marshal Service until September 10, 2008 – almost 19 years later. Despite this modest "bureaucratic delay," the Marshal Service, once it received the warrant, was able to locate Ms. Matos without difficulty, and on September 22, 2008 the defendant was arrested at her residence in the Bronx. After being released on bail, the defendant appeared before the undersigned on October

1, 2008 and pleaded not guilty to the violations. Defendant's counsel then moved to dismiss the violations for want of jurisdiction, unreasonable delay, and insufficiency of evidence. Following receipt of the parties' briefs, the Court held oral argument on November 21, 2008.

As to want of jurisdiction, there is no doubt that the charges of probation violation were timely filed while Ms. Matos was still on probation and at that point the Court concededly had jurisdiction to adjudicate the charges against her. It is true that in <u>United States v. Gernie</u>, 228 F. Supp. 329 (S.D.N.Y. 1964), another judge of this Court opined that, if the authorities are not able to apprehend within a reasonable time a probationer charged with violations, the warrant "loses its force and vitality . . . and the Court therefore loses its jurisdiction over the probationer and over the subject matter of the proceedings against him." <u>Id.</u> at 337-38. But this Court disagrees. Neither a probationer's disappearance nor the Government's delay in pursuing the absent probationer can deprive a court of its statutory power to adjudicate charges against the probationer that were timely brought. A charge of probation violation is essentially a charge that a prior court order has been violated; and once a court has properly asserted both personal and subject matter jurisdiction over such a charge, it does not fall within the power of a party to deprive the court of such jurisdiction.

The Court does agree with the defendant, however, that unreasonable delay in pursuing a warrant for the probationer's arrest may constitute a complete defense to charges of probation violation where the probationer has no other actual notice of the charges. Although the filing of the charges tolls the statute of limitations, the same policies that underlie such statutes, as well as the common law doctrine of laches, may well apply in such circumstances: memories have faded, witnesses have disappeared, and simple considerations of finality have been thwarted. While the directly applicable case law is sparse, the prevailing view appears to be that unreasonable delay in executing a warrant in such circumstances is a complete defense to a probation violation where the delay is substantial and where the Government bears the primary responsibility for the delay. See, e.g., Simon v. Moseley, 452 F.2d 306, 309 (10th Cir. 1971); Gernie, 228 F. Supp. at 338; United States v. Paden, 558 F. Supp. 636, 640 (D.C.D.C. 1983); United States ex rel. Howard v. Ragen, 59 F. Supp. 374, 376 (N.D. Ill. 1945). In assessing, however, whether the extent of the delay is "unreasonable" a Court may in many cases also want to take account of whether the probationer suffered prejudice thereby; a briefer delay, for example, may still be unreasonable if it results in the loss of a crucial witness, while a longer delay may not be unreasonable if the probationer is still fairly able to mount her defense. Cf. United States v. Carlos Sanchez, 225 F.3d 172, 177 (2d Cir. 2000) (finding that a

3

4-year delay between the violation of supervised release and issuance of the summons charging that violation does not, alone and "without more," violate due process).

Here, the Government candidly conceded at the evidentiary hearing on November 21 that none of the witnesses to any of the probation violations charged against Ms. Matos was presently available, so that the prejudice was obvious. Accordingly, the Court need not reach here the question of whether so vast a delay as 19 years is per se prejudicial, since the actual prejudice is palpable, the delay unreasonable, and the fault entirely that of the Probation Office.

Accordingly, the Court grants defendant's motion and hereby dismisses the outstanding probation violations against Ms. Matos.

SO ORDERED.

                                              JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 17, 2008